# MAY, 1904.

### State of Texas v. William E. Hughes.

#### Application No. 4156.  Decided May 2, 1904.

**School Land—Purchase—Nonoccupancy—Innocent Purchaser.**

An innocent purchaser from one buying school land from the State and who has received his certificate of proof of three years occupancy is protected against the attack of the State upon the sale on ground of nonoccupancy.  (P. 521.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*Chas. K. Bell,* Attorney-General, and *T. S. Reese,* Assistant, for petitioner.—It is respectfully urged that this case squarely presents the question as to whether the doctrine laid down by this court in the case of Logan v. Curry, 69 S. W. Rep., 129, is applicable to a suit by the State to recover school land; that is, whether the acceptance by the Land Commissioner of proof of occupancy is conclusive upon the State, as to the fact of occupancy, as well as upon a private individual attacking the sale for nonsettlement.

The general demurrer to plaintiff's petition was considered by counsel for both parties, and by the District Court, as raising this issue clearly, and the ruling of that court sustaining the general demurrer was placed distinctly upon the ground that the naked acceptance of the proof of occupancy by the Land Commissioner was a bar to the right of the State to recover in this case.

Now if this court should conclude that the judgment of the District Court on this ground was correct, and should be affirmed, ordinarily this application would be simply refused, notwithstanding the court might not agree with the conclusions of law of the Court of Civil Appeals, as set out in its opinion.

If this court concludes, with the District Court, that the general demurrer was properly sustained on the ground that the acceptance of the proof of occupancy by the Commissioner was a bar to the right of the State to recover against Hughes (who was an innocent purchaser in good faith, without notice of the nonsettlement of his vendee), and this notwithtanding the original purchaser may not have been an actual settler when he bought, or may not have complied with the law as to three years' occupancy, but that except upon this ground the petition was good, a mere refusal of this application would be taken generally as an approval of the conclusions of the Court of Civil Appeals as to the grounds upon which the demurrer was held good by that court.  This would leave the legal question at issue still undecided.  For this reason

we would respectfully ask the court to indicate in its opinion its conclusions upon the points indicated, in the event the application is refused.

The Court of Civil Appeals has been at some pains to suggest certain circumstances which might have existed, and which, if they existed, would have relieved the conduct of Mullin of the aspect of fraud; and indicated that the petition should have negatived these. In fact, these would have been matters of defense to be set up by the defendant, and a special demurrer, on these grounds, would not have been good.

The court says: "We are of the opinion that the State should not be permitted to overthrow and cancel such right and title as the defendant in this case has, upon a mere showing that the Commissioner of the Land Office committed an error in deciding a question of fact, when the law vested in him authority to pass upon the question." This is not a correct statement of the case. The petition is not susceptible of the construction here sought to be given it. The petition seeks a recovery on the ground that the sale was unauthorized, Mullin not being an actual settler, and further that he had failed to comply with the law as to three years' occupancy, and thus forfeited what right he had, if any. - Here the petition might have stopped and required the defensive matter of the acceptance of the proof of occupancy by the Commissioner to be set up by the defendant.

Instead, however, for convenience and in order to put the case in such an attitude that it might be decided on general demurrer, the plaintiff set up the proof of occupancy, acceptance, etc., coupled with the necessary allegations as to the falsity of the allegations thereof, meaning, necessarily, the fraud therein. This was enough, unless the court concludes that notwithstanding such falsehood and fraud, the acceptance of the proof of occupancy was conclusive against the State, and this we beg the court to decide.

WILLIAMS, ASSOCIATE JUSTICE.—In this case it appears that defendant in error purchased the land after proof and certificate of three years' occupancy, relying upon such certificate and paying full value for the land without notice of the fact of nonoccupancy alleged as a ground for canceling the sale. In refusing the application we think it proper to say that we hold that the defense of innocent purchaser under the certificate is good against the attack of the State upon the sale on the ground of nonoccupancy.